# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION**

| | |
|---|---|
| 1789 FOUNDATION INC., d/b/a CITIZEN AG, and ANTHONY GOLEMBIEWSKI, | Case No. _____ |
| *Plaintiffs,* | |
| v. | **DECLARATION OF ERIC SCHARFENBERGER IN SUPPORT OF PLAINTIFFS' VERIFIED COMPLAINT AND MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| AL SCHMIDT, in his official capacity as Secretary of State, and COMMONWEALTH OF PENNSYLVANIA, | |
| *Defendants.* | |

I, Eric Scharfenberger, declare as follows:

1. I am over the age of 18 and competent to render this Affidavit. If called upon to testify to the contents stated herein, I could and would do so competently.

2. If called upon to testify to the contents stated herein, I could and would do so competently.

3. I am the Director of Operations for 1789 Foundation d/b/a Citizen AG ("Citizen AG") and I have personal knowledge of the facts set forth in this declaration.

4. All facts stated herein, unless otherwise qualified or stated to the contrary, are based on my review of records, data, communications, and information maintained by Citizen AG as part of its investigation into Pennsylvania's voter list maintenance practices.

5. Citizen AG is an organization dedicated to educating Americans about their rights and advocating, protecting, and preserving American civil liberties and constitutional rights through an array of means that includes without limitation, engaging in litigation.

6. Citizen AG seeks to protect the rights of all Americans at-large, but will re-direct resources otherwise allocated towards other initiatives that further its mission when members of



EXHIBIT
**5**

the organization express a need to have their constitutional rights protected. Under these circumstances, and so long as the need does not inure the benefit of any one member but serves the greater public as a whole, Citizen AG will investigate matters brought to its attention by its members to protect the American people.

7. Among other rights, Citizen AG has sought to protect and preserve the fundamental right to vote. This includes taking action that not only protects American voters against being improperly removed from voter rolls, but also encompasses measures that ensure eligible American voters' fundamental voting rights are not undermined by vote dilution.

8. There are a variety of reasons one's vote can be diluted; however, in my experience investigating federal elections, voting trends, and other election-related activities, it has been my experience that the majority of vote dilution, when it occurs, is caused by poor or improper voter list maintenance.

9. When voter rolls are not maintained or the provisions set forth under federal laws such as the NVRA and the Help Americans Vote Act ("HAVA") are violated by state election officials, vote dilution often results because ineligible voters remain registered on voter rolls despite their ineligibility. And when ineligible voters remain listed on county voter rolls, it is inevitable that votes will be cast and counted that should not have been cast or counted.

10. That is why it is important to ensure states comply with the NVRA, and in particular, its public inspection and voter list maintenance provisions. 52 U.S.C. §§ 20501 *et seq*.

11. In furtherance of an investigation into Pennsylvania's alleged noncompliance with the aforesaid provisions, I discovered inconsistencies with the statistics reported to the Election Assistance Commission ("EAC") that revealed Pennsylvania failed to remove 277,768 registrants who did not respond to confirmation notices, and thereafter, two consecutive federal elections had elapsed.

12.     More specifically, upon reviewing Pennsylvania's Secretary of State's responses to the 2020 EAVS, I discovered that Pennsylvania had sent 753,942 confirmation notices to registered Pennsylvania voters before the 2020 General Election.

13.     Of the 753,942 confirmation notices sent to registered Pennsylvania voters, I discovered only 116,042 registrants responded.

14.     Based on these figures, a minimum of 637,900 registrants were sent confirmation notices via forwarded mail and did not respond.

15.     Under the NVRA, registrants who do not respond to confirmation notices have their registration statuses switched to "inactive" for the statutory waiting period, which is the next 2 consecutive federal elections.

16.     The 2022 Midterm Election is the second federal election of the waiting period, which concluded on November 9, 2022.

17.     In the 2022 EAC Report, which was published in June 2023, which consisted of information that was collected during a period that began on November 9, 2022, Pennsylvania reported that after the 2022 Midterm Election, it removed 360,132 registrants for failing to respond to a confirmation notice.

18.     When taking the 637,900 registrants who did not respond to confirmation notices before the 2020 General Election and subtracting the 360,132 registrants that Secretary Schmidt reported the Commonwealth removed after the statutory waiting period, there remains a total of 277,768 registered voters who did not respond to their confirmation notices that remain registered to vote in Pennsylvania despite the statutory waiting period expiring on November 9, 2022.

19.     Under the NVRA, each of the 277,768 ineligible registrants who did not vote in either 2020 or 2022 was required to be removed as of November 9, 2022.

20.     True and correct copies of the EAC's 2020 and 2022 EAV comprehensive reports are attached to the Complaint as Exhibit 1 and Exhibit 2, respectively.

21.     Because this data and/or records containing this information falls within the scope of the records covered by the NVRA's public records provision, on October 4, 2024, I submitted an Open Records Request pursuant to my right and consistent with the obligations as provided by NRS 239.010. A true and correct copy of the Open Records Request I submitted is attached to the Complaint as Exhibit 3.

22.     October 4, 2024 was the earliest date by which I could have submitted my request as I had just learned of the violations upon which this action is based less than 24 hours prior.

23.     On October 11, 2024, the Secretary of State's office sent an "interim response" stating that it needed more time until November 12, 2024 to send a final response. Under 65 Pa. Stat. § 67.902, this constitutes a denial as November 12, 2024 is more than 30 days following the five business days allowed for in section 901. See 65 Pa. Stat. § 67.902(b) ("If the date that a response is expected to be provided is in excess of 30 days, following the five business days allowed for in section 901, the request for access shall be deemed denied unless the requester has agreed in writing to an extension to the date specified in the notice.").

24.     At no time did Citizen AG agree in writing to an extension until November 12, 2024.

25.     A true and correct copy of the Secretary of State's denial of our Request is attached to the Complaint as Exhibit 4.

26.     As of the date of this filing, I have received no responsive records to Citizen AG's October 4 request nor have any responsive records been made available to me.

27.     In order to arrive at this finding, Citizen AG had to expend substantial resources in order to sufficiently investigate Pennsylvania's NVRA violations. The resultant impact of the

aforesaid reallocation and expenditure of resources, among which include without limitation, time, effort, and finances,  caused Citizen AG's other initiatives to suffer due to the diversion of the organization's resources away from its core initiatives and in furtherance of its investigation into Pennsylvania's apparent NVRA violations.

28.     This diversion includes things such as the staff hours spent analyzing data, the financial costs of investigating Pennsylvania's NVRA compliance (or noncompliance), and the expenses that have been incurred and will be incurred due to the pending litigation.

29.     As a direct and proximate result of the aforesaid substantial diversion of resources, Citizen AG seeks and is entitled to emergency injunctive relief, including the issuance of a temporary restraining order that prohibits Pennsylvania from further violating the NVRA and its public inspection provision.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Executed on this 29th day of October, 2024.

Eric Scharfenberger