IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| 1789 FOUNDATION, INC. d/b/a CITIZEN AG *and* ANTHONY GOLEMBIEWSKI | : | No. 3:24-cv-1865 |
| Plaintiffs | : | |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| AL SCHMIDT, in his official capacity as Secretary of State *and* COMMONWEALTH OF PENNSYLVANIA | : | |
| Defendants | : | Electronically Filed Document |

## COMMONWEALTH OF PENNSYLVANIA'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to Local Rule 7.6, the Commonwealth of Pennsylvania, by and through counsel, hereby submits this Brief in Opposition to Plaintiffs' Emergency Motion (Doc. 3) for a Temporary Restraining Order ("TRO") and Preliminary Injunction. If Defendant's motion is successful, the TRO will be denied and the Commonwealth will be dismissed as a party.

## INTRODUCTION

Plaintiffs 1789 Foundation, Inc. d/b/a Citizen AG as well as Anthony Golembiewski have moved to enjoin the Defendants – the Secretary of State and the Commonwealth – from refusing to make available records requested pursuant to a state right to know law request. Plaintiffs have presented their state law claim to this Court by claiming that the National Voter Registration Act of 1993

1

("NVRA"), 52 U.S.C. §§ 20501, *et seq.*, requires Pennsylvania to maintain accurate voter registration list and, by failing to timely respond to their right to know request, Plaintiffs are unable to confirm if the Commonwealth is in compliance with the NVRA.

Because the right to know request was directed to the Secretary of State (Doc. 1-4) the Plaintiffs have mis-joined the Commonwealth and any requested relief sought through the TRO must be denied. Because the Court has requested an expedited briefing schedule, the Commonwealth, through this opposition, requests that the Plaintiffs' Motion be denied and that the Complaint is dismissed as against the Commonwealth.

PROCEDURAL HISTORY

On October 29, 2024, Plaintiffs filed a Complaint (Doc. 1) and an Emergency Motion for a Temporary Restraining Order (Doc. 3). The Court held a telephone conference on October 31st and provided the parties with an expedited briefing schedule to address the pending pleadings.

STATEMENT OF FACTS

On October 4, 2024 Citizen AG submitted a right-to-know request to the Secretary of State. (Doc. 1 at 3; Doc. 1-4). Citizen AG receive a response from the Secretary of State, as permitted by the Pennsylvania Right-to-Know Law, seeking additional time to respond to the request, identifying that a final written response

would be provided by November 12, 2024. (Doc. 1 at 3; Doc. 1-5). Citizen AG avers that the Secretary of State has miscalculated its final determination deadline and have construed the Secretary's response as a denial of records.

STATEMENT OF QUESTION INVOLVED

Whether Plaintiffs' Motion should be denied because they have failed to meet their burden in demonstrating a reasonable probability of success in this litigation as against the Commonwealth, an entity which is not otherwise an indispensable party to this action?

**Suggested answer**: Yes the Motion should be denied. In addition, because the Commonwealth is not an indispensable party to this action, the Complaint should be dismissed as against it.

ARGUMENT

In order to obtain a temporary restraining order or preliminary injunction, the moving party must show: (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest. *Reilly v. Cty. of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). The movant bears the burden of establishing "the threshold for the first two most

3

critical factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994).

Here, Plaintiffs cannot be successful on their claims against the Commonwealth as an entity because they have mis-joined the Commonwealth to this action. Plaintiffs seek relief through the TRO in the form of an injunction that would: (1) require documents to be produced following Plaintiffs October 4th Right-to-Know request; and (2) prevent individuals from voting if they have not otherwise complied with the NVRA. The Commonwealth, however, cannot provide either forms of the requested relief.

Plaintiffs have averred that they submitted a right-to-know request to the Secretary of State; an entity which would provide the requested records if otherwise permitted under Pennsylvania's Right-to-Know Law. Additionally, the accepting and counting of ballots is completed by Pennsylvania's individual county Board of Elections, not the Commonwealth. Because the Commonwealth cannot provide either forms of requested relief and because Plaintiffs have

4

otherwise failed to demonstrate through their averments that the Commonwealth, as a separate entity, is necessary for a just adjudication the requested TRO, as against the Commonwealth, should be denied and the Complaint, as against the Commonwealth, should be dismissed.

## CONCLUSION

Because the Commonwealth is not an indispensable party in this action and cannot provide the requested relief, the Commonwealth, through this opposition, requests that the Plaintiffs' Motion be denied and that the Complaint be dismissed.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

Date: October 31, 2024         By:  *s/ Nicole R. DiTomo*
                                    NICOLE R. DITOMO
Office of Attorney General          Chief of Civil Litigation
15th Floor, Strawberry Square       Attorney ID: 315325
Harrisburg, Pa 17120                *Counsel for: the Commonwealth*
Phone: (717) 787-2717
Email: nditomo@attorneygeneral.gov

# CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Chief Deputy Attorney General, Office of Attorney General, hereby certify that on October 31, 2024, I caused to be served a true and correct copy of the foregoing document titled Commonwealth's Opposition to Plaintiffs' Motion for TRO to the following:

VIA ECF

Gregory A. Stapp, Esquire
153 West Fourth Street, Suite 6
Williamsport, PA 17701
*Counsel for Plaintiffs*

Rachel L. Dreher, Esquire
111 NE 1st St, 8th Floor
Miami, FL 33132
*Counsel for Plaintiffs*

Thomas Howell, Esquire
Kathleen Mullen, Esquire
Governor's Office of Chief Counsel
*Counsel for Secretary Schmidt*

    /s/ Nicole R. DiTomo
NICOLE R. DITOMO
Chief Deputy Attorney General