UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 1789 Foundation, Inc. d/b/a Citizen AG, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Secretary Al Schmidt, *et al.*,<br><br>　　　　　　Defendants. | No. 3:24-cv-1865<br>Hon. Robert D. Mariani |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SUPPLEMENTAL COMPLAINT**

Date: March 19, 2025

JENNIFER C. SELBER
*GENERAL COUNSEL*

/s/ *Thomas P. Howell*
Thomas P. Howell
*Deputy General Counsel*
Governor's Office of General Counsel
30 N. 3rd Street, Suite 200
Harrisburg, PA 17101
(717) 460-6786
thowell@pa.gov

Michael J. Fischer
Executive Deputy General Counsel

30 N. 3rd Street, Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

CAROLYN DELAURENTIS
*CHIEF COUNSEL*

Kathleen A. Mullen
Executive Deputy Chief Counsel
306 North Office Building
Harrisburg, PA 17120
(717) 783-0736
kamullen@pa.gov

*Counsel for Secretary of the Commonwealth*
*Al Schmidt*

## **TABLE OF CONTENTS**

PAGE

TABLE OF CITATIONS ........................................................................................iv

BACKGROUND ................................................................................................1

ARGUMENT ....................................................................................................2

    a.  PLAINTIFFS HAVE NOT PLED FACTS SUFFICIENT TO INVOKE THIS
        COURT'S JURISDICTION ..........................................................................2

    b.  NO PLAINTIFF CAN ESTABLISH STANDING........................................5

    c.  PLAINTIFF'S COMPLAINT IS MOOT.......................................................8

    d.  PLAINTIFFS FAIL TO PRESENT A WELL-PLED CLAIM UPON WHICH
        RELIEF MAY BE GRANTED ...................................................................10

CONCLUSION ................................................................................................14

## TABLE OF CITATIONS

CASES                                                                    PAGE(S)

*Bellitto v. Snipes*, 268 F. Supp.3d 1328 (S.D. Fla. 2017) ..........................................4

*Bognet v. Secretary Commonwealth of Pennsylvania*, 980 F.3d 336
    (3d Cir. 2020)......................................................................................................6

*Bolus v. Boockvar*, 3:20-cv-01882, 2020 WL 6880960, (M.D. Pa. Oct. 27, 2020),
    report and recommendation adopted, 2020 WL 6882623 (M.D. Pa. Nov. 23,
    2020) ................................................................................................................5, 6

*Golden v. Zwickler*, 394 U.S. 103 (1969) ...........................................................8, 9

*Huertas v. City of Camden*, 245 Fed. Appx. 168 (3d Cir. 2007).............................5

*Judicial Watch v. Lamone*, 399 F.Supp. 3d 425 (D. Md. 2019)...............................3

*Keefer v. Biden*, No. 24-1716, 2025 WL 688924 (3d Cir. March 4, 2025) ..............7

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)...........................1

*Mussi v. Fontes*, 2024 WL 4988589 (D. Ariz., Dec. 5, 2024) ..................................9

*Nigro v. Pa. Higher Educ. Assistance Agency*, No. 19-2000, 2020 WL 5369980
    (M.D. Pa. Sept. 8, 2020) ................................................................................12

*Public Interest Legal Foundation v. Boockvar*, 370 F. Supp. 3d 449
    (M.D. Pa. 2019) ...............................................................................................4

*Reschenthaler v. Schmidt,* No. 1:24-cv-01671, 2024 WL 4608582 (M.D. Pa. Oct. 29,
    2024) ................................................................................................................7

FEDERAL STATUTES

    National Voter Registration Act ("NVRA") 52 U.S.C. § 20501, *et seq.*
    ....................................................................................................*passim*

    52 U.S.C. § 20507(d)....................................................................................12

iv

52 U.S.C. § 20507(i) ...................................................................................4

52 U.S.C. § 20510 .......................................................................................4

52 U.S.C. § 20510(b) ...................................................................................2

PENNSYLVANIA STATUTES

25 Pa.C.S. § 1901 ..................................................................................11, 12

Right to Know Law, 65 P.S. § 67.101, *et seq.*....................................................3

PENNSYLVANIA REGULATIONS

4 Pa. Code § 183.6........................................................................................ 11

FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 12(b)(6) ...............................................................................14

AND NOW comes the Defendant, Al Schmidt, Secretary of the Commonwealth ("Secretary"), and submits this Reply Brief in support of his Motion to Dismiss Plaintiffs' Supplemental Complaint.

## BACKGROUND

A foundational principle of our system is that "[f]ederal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiffs' claims are expressly limited by statute, and Plaintiffs have neither pled nor met the statutory prerequisites to bringing such claims.

Plaintiffs further fail to articulate an injury in fact fairly traceable to and redressable by the Secretary or the Department of State. As such, Plaintiffs do not have standing to pursue their claims.

Finally, Secretary Schmidt has repeatedly attempted to educate Plaintiffs and this Court regarding Plaintiffs' misapprehension of the very data that they cite in an attempt to state a claim for relief. Nevertheless, Plaintiffs continue to misconstrue that data in a manner that strains logic and credulity in order to bolster their unsupported claims. *See*, *e.g.* ECF Nos. 9-10 (in which Plaintiffs continue to wrongly claim that "notices" are synonymous with individual voters). Plaintiffs' erroneous assumptions and illogical conclusions fail to state a claim upon which

relief may be granted.  For these reasons, and as set forth in Secretary Schmidt's previous brief, ECF No. 53 ("Def. Br."), this case should be dismissed.

## ARGUMENT

### I.    Plaintiffs have not Pled Facts Sufficient to Invoke this Court's Jurisdiction

Plaintiff's own allegations demonstrate that they have not met the statutory prerequisites to bringing claims under the NVRA.  Plaintiffs readily admit that the action about which they complain – a purported (but non-existent) failure to maintain voter rolls -- occurred after the 2022 general election.  *See*, *e.g.*, ECF No. 46 at 36-39, 45 (in which Plaintiff argues that voters "were required to have been removed in November 2022").

Plaintiffs did not, however, provide any notice under the National Voter Registration Act ("NVRA") 52 U.S.C. § 20501, *et seq* until this action was filed. Plaintiffs offer no excuse for this failure despite allowing nearly two years to pass before filing this action.  Instead, Plaintiffs have constructed a complaint about the Secretary's response to Plaintiffs' public records request in an attempt to excuse their non-compliance.[1]  The law does not support Plaintiffs' attempt to evade the NVRA's requirements by such procedural bootstraps.

---

[1] Notably, only Plaintiff Citizen AG filed the records request at issue.  (Complaint Ex.3.)  Plaintiff Golembiewski makes no assertion that he provided notice to Defendants under 52 U.S.C.

In an attempt to cast this matter as an NVRA records issue, rather than an NVRA list-maintenance complaint, Plaintiffs criticize the Secretary for responding to Plaintiffs' *state law* records request within the time provided by the very state law that Plaintiffs invoked. This contention fails for two reasons: First, Plaintiffs, not the Secretary, invoked a state law procedure (the Pennsylvania Right to Know Law, 65 P.S. 67.101, *et seq.*) to advance their review of NVRA-related records; Second, even if Plaintiffs had brought their request solely under *federal* law, Plaintiffs cannot demonstrate that the Secretary unreasonably delayed responding to Plaintiff's records request by satisfying it within 37 days of receipt.

Plaintiffs cite *Judicial Watch v. Lamone*, 399 F.Supp. 3d 425, 441 (D. Md. 2019) for their contention that the Department's reliance on state records laws constitutes "unreasonable delay." But *Lamone* says no such thing. At most, *Lamone* holds that state records laws may not render confidential material that is public under the NVRA. Nothing in *Lamone*, however, holds that thirty days is too lengthy a time to respond to state law requests for records that are *also* implicated by the NVRA. In fact, *Lamone* does not even opine on what constitutes the appropriate time to respond to a request for records under the NVRA. And the Secretary did not withhold any records under state records law, and instead fully satisfied Plaintiff's

---

§ 20510(b). Thus, Plaintiffs appear ready to concede that Golembiewski has failed to meet the jurisdictional prerequisites of the NVRA

request.   ECF No. 46-5.  As such, Plaintiff's assertion that the Secretary's state law records response confers this Court with jurisdiction (and excuses Plaintiff's failure to properly provide notice), must fail.

In addition, even considering all of the above, and the fact that no election is imminent, Plaintiff *still* has not provided the requisite Notice under the NVRA.  As discussed in the Secretary's Principal Brief, notice is sufficient under Section 20510 "when it (1) sets forth the reasons that a defendant purportedly failed to comply with the NVRA, and (2) clearly communicates that a person is asserting a violation of the NVRA and intends to commence litigation if the violation is not timely addressed." *Public Interest Legal Foundation v. Boockvar*, 370 F. Supp.3d 449, 456-57 (M.D. Pa. 2019); *see, also, Bellitto v. Snipes*, 268 F. Supp. 3d 1328,  1334 (S.D. Fla 2017) (dismissing subsection 20507(i) claim because plaintiff only sent defendant a single correspondence requesting documents under the NVRA and never notified defendant of purported NVRA violation after the request went unfulfilled).

Here, rather than providing the requisite notice, Plaintiff chose to "shoot first and ask questions later" by immediately bringing this action without even awaiting the Secretary's reply to their request, let alone notifying the Secretary of the purported violation.  Plaintiffs' failures deprive this Court of jurisdiction over their claims.

II.    **No Plaintiff Can Establish Standing.**

Plaintiff Golembiewski contends that he does not present a generalized grievance because the Department's purported actions "undermine[s] the integrity of Pennsylvania's elections." ECF No. 56, *Plaintiffs' Brief* at 18. But Plaintiff does not articulate how these actions affect *him* directly. He does not indicate that his vote has been cast aside, that he has been unable to vote for a candidate of his choosing, or even that his preferred candidate lost an election because of any action or inaction of the Defendant. The law is clear that vague beliefs that one's vote might be diluted by the manner in which elections are conducted, or voter rolls are maintained, does not afford standing.

As discussed in the Secretary's principal brief, *Bolus v. Boockvar*, which addresses the alleged impact of drop boxes on "vote dilution," is instructive. *See* No. 3:20-cv-01882, 2020 WL 6880960, at *3 (M.D. Pa. Oct. 27, 2020), *report and recommendation adopted*, 2020 WL 6882623 (M.D. Pa. Nov. 23, 2020). In *Bolus*, the plaintiffs' generalized election grievance that "could conceivably be raised by any voter in the Commonwealth" was insufficient to confer standing *Id.* at *4, *see also, Huertas v. City of Camden,* 245 Fed. Appx. 168, 172 (3d Cir. 2007) ("purely speculative" claims regarding dilution did not confer standing).

Here, Golembiewski's claims are indistinct from any other voter in the Commonwealth. Thus, Golembiewski lacks standing for the same reason as the plaintiffs in *Bolus* and *Huertas* -- he simply presents no direct injury for adjudication.

Instead, Plaintiff's Supplemental Complaint merely relies on conditional and speculative allegations of harm to establish standing. Essentially, Plaintiffs contend that *if* individuals that *should* have been removed from the voter rolls, *might* vote unlawfully and *might* do so in a way that impairs Plaintiffs' votes, then that *could* reduce trust in the democratic process. *See* ECB No. 56, Pl. Br. at 18. Such speculative assertions are insufficient to confer standing and merit dismissal of the complaint. *See*, *Bolus*, infra.

In support of his argument, Plaintiff Golembiewski cites *Bognet v. Sec'y of the Commonwealth of Pa*, 980 F.3d 336 (3d Cir. 2020). But contrary to Plaintiff's suggestion, *Bognet* found similar vote dilution arguments to be unavailing. The *Bognet* court recognized that the plaintiffs there "have not alleged, for example, that they were prevented from casting their votes, nor that their votes were not counted." *Id.* at 355-56 (citing, *Guinn v. United States*, 238 U.S. 347 (1915), and *United States v. Mosley*, 238 U.S. 383 (1915)) (cleaned up). Plaintiff here similarly fails to claim immediate, direct harm. As such, *Bognet* does not support Plaintiff's argument.[2] As

---

[2] Plaintiffs' claims are also non-redressable for the reasons set forth in the Secretary's principal brief, and Plaintiffs have not countered this argument. Instead, Plaintiffs merely observe that the Secretary is governed by the NVRA. The existence of those obligations, though, does not establish that Plaintiffs claims are redressable in this action.

the Third Circuit most recently recognized in *Keefer v. Biden*, No. 24-1716, 2025 WL 688924, at *3 (3d Cir. March 4, 2025) (unpublished, non-precedential), the injury in fact element requires more than simply a general interest common to all members of the public.

Further, in *Reschenthaler v. Schmidt*, a court in this district recently held that legislative candidates lacked standing to challenge the handling of overseas votes because "[t]he hypothetical concerns the individual plaintiffs raise about the impact of [possibly fraudulent] UOCAVA votes in their individual elections are purely speculative." *Reschenthaler v. Schmidt,* No. 1:24-cv-01671, 2024 WL 4608582, slip op. at 17 (M.D. Pa. Oct. 29, 2024). The court in *Reschenthaler* pointed out that the plaintiffs' "concerns" about vote fraud were based on "phantom fears" rather than researched, well-pled facts. *Id.* at 14. Plaintiffs' "concerns" and suppositions here are no different.

In addition, Plaintiff Golembiewski's individual assertion that he has standing fails as well. Golembiewski contends that he has standing because he has been prevented from accessing voter list maintenance records. Golembiewski, though, has never actually requested NVRA records.[3]  As discussed *supra* and in the

---

[3] Plaintiffs appear to concede that Citizen AG/1789 Foundation lack Organizational Standing, as they have not responded to the Secretary's arguments on that point.

Secretary's principal brief, only Citizen AG requested records from the Secretary. ECF No. 46-1.

Further, it is matter of record that the Secretary fully responded to Citizen AG's request for records.  ECF Nos. 46-3, 53-A.  Plaintiff's attempt to rely on the Secretary's *satisfaction of* Citizen AG's request for records to confer standing on Golembewski is thus inconsistent and illogical and should be roundly dismissed.

In sum, Plaintiffs' averments are plainly insufficient to confer standing. Plaintiffs' own averments establish the Complaint's deficiency – they concede that Mr. Golembiewski's "concern" is equally shared with all Pennsylvania voters. Supplemental Complaint ¶ 5.  Such complaints that affect all voters equally are generalized grievances and incapable of conferring standing.

## III.    Plaintiff's Complaint is Moot.

The Secretary fully satisfied Plaintiffs' NVRA records request on November 12, 2024 (ECF 53-A). And Plaintiffs' claims relating to NVRA list removal requirements dates to 2022.  Regardless of how Plaintiffs attempt to recharacterize these claims, they are moot and incapable of resolution by this Court.  "[T]he federal courts established pursuant to Article II of the Constitution do not render advisory opinions."  *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting, *United Public workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947).  Thus, the absence of a live dispute will divest the Court of jurisdiction to address a claim*. Id*.

8

In *Golden*, our Supreme Court addressed a challenge to a New York law that precluded the distribution of anonymous campaign literature. *Id.* at 104-105. During litigation of the matter, the Plaintiff, a Congressperson, left his elected position, and demonstrated no likelihood of again seeking office. *Id.* at 106. Considering whether any live controversy remained, the Supreme Court rejected any contention that the plaintiff had any "further and far broader right to a general adjudication of unconstitutionality." *Id.* at 109-110. Instead, it was "wholly conjectural" whether the Court would be required to consider the issue in the future. *Id.* at 109. Therefore, the Court was directed to dismiss the Complaint. *Id.* at 961.

Similarly here, Plaintiffs' records request has been addressed, and Plaintiffs allege no facts even implying that future requests would not be similarly addressed. Further, Plaintiffs' list removal claims, by their own admission, relate to statistics from 2020 and 2022. Supplemental Complaint ¶¶ 36-38, 106-107. Plaintiffs' Complaint itself purports to seek remedies relating to the 2024 General Election. Supplemental Complaint ¶¶ 50, 96

Plaintiffs counter by arguing that the "continuous and ongoing" requirements of the NVRA requires "court-ordered remedies to ensure full and continued compliance." (ECF 56, *Pl Brief* at 15). But, this seeks precisely the type of advisory opinion that this Court recognized was unavailable earlier in this case. ECF 20, Opinion dismissing Motion for TRO, slip op at 6. *See also*, *Mussi v. Fontes*, 2024

WL 4988589 (D. Ariz., Dec. 5, 2024), *Slip Op.* at 4  ("Where '[t]he only injury plaintiffs allege is that the law ... has not been followed,' '[t]his injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance." quoting, *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (per curiam), citing *FEC v. Akins*, 524 U.S. 11, 24 (1998) (cleaned up)).  This Court should dismiss Plaintiffs' complaint for the same reason.

## IV.    Plaintiffs fail to Present a Well-Pled Claim Upon Which Relief may be Granted.

In attempting to construct some claim against the Secretary, Plaintiffs continue to misconstrue and mischaracterize the Department's data.  In particular, Plaintiffs admit that list maintenance is "continuous" ECF No. 56 at 15 yet continue to insist that a "snapshot" of registration data could somehow show that the Department violated the NVRA.

Despite being repeatedly corrected on their erroneous interpretation, Plaintiffs continue to insist that the numbers that Plaintiffs cite must reflect "individuals" or "voters."  This assumption is no more valid now than it was when Plaintiffs' Motion for a Temporary Restraining Order was dismissed.  ECF 20.  Instead, "[t]he number reported in [data[ includes *initial notices* sent to voters who appear to have moved based upon information received pursuant to the National Change of Address program." 2022 EAVS, ECF No. 46-5, at 187 (emphasis added).  That is in addition to the address verification notices sent after failure to respond to an initial notice or

when the initial notice is returned as undeliverable.  "Notices" therefore, do not equate with "Voters," and one voter can and often will receive multiple notices.  *See*, *e.g.*, 25 Pa.C.S. § 1901; 4 Pa. Code § 183.6.  Similarly and for the same reason, the numbers in the Department's Right to Know response representing voters in 6a (voters sent initial confirmation notices or "NCOA notices") and 6b (voters sent address verification notice or "AVN notices") include many of the same voters (i.e., the same voter may be counted at least once in 6a and at least once in 6b).  Supplemental Complaint ¶ 47.  "Summing" those numbers, as Plaintiffs do in a furtive effort to support their claim as to numbers of voters, is meaningless and still makes no sense.

While Plaintiffs attempt to dismiss these mathematical facts as "post-hoc" and "speculative," Plaintiffs, not Defendant, bear the burden to demonstrate that the well-pled allegations of their complaint state a claim upon which relief may be granted.  It is Plaintiffs, then, that may not rest on "speculation," as they attempt to do here.  Ultimately, the internal inconsistencies of Plaintiff's complaint prevent this Court from drawing reasonable inferences about the status of these voters.   Thus, Plaintiff's complaint cannot support a right to relief.

In response, Plaintiffs seem to assert that any complaint, regardless of how ill-pled or devoid of factual support, should compel the Secretary to provide "evidence"

of NVRA compliance.  Put simply, that is not how the NVRA[4] or the rules of Civil Procedure work.  Rather, *Plaintiff* must plead facts that establish a right to relief. *Nigro v. Pa. Higher Educ. Assistance Agency,* No. 19-2000, 2020 WL 5369980, at *5 (M.D. Pa. Sept. 8, 2020).   Here, Plaintiffs' failure to plead *facts,* rather than speculation, to support their claim of an NVRA violation is ultimately fatal to their complaint.

Indeed, viewing all of the allegations of the Supplemental Complaint in the light most favorable to Plaintiffs, the most Plaintiffs can establish is that 23,600 voters had a status of "not cancelled" as of the time the Secretary responded to Plaintiff's RTK request in the fall of 2024.  Of course, any voter who has previously had their registration cancelled pursuant to Section 20507(d) of the NVRA and 25 P.S.C.A. § 1901 may re-register.  And it is hardly shocking that registrations would increase before a presidential election and that those who may have not voted in some time and been cancelled would register again.  *See* https://www.pa.gov/agencies/dos/newsroom/record-high-voter-turnout-in-2024-general-election.html (last visited, March 18, 2025).  Plaintiffs' supposition that such

---

[4] Plaintiffs also unsurprisingly cite no authority for the proposition that an inactive voter who has been cancelled at a certain point for failure to vote in two consecutive federal elections, is somehow prohibited from registering again. Failure to account for the reality that many voters once cancelled would re-register in order to vote in a major presidential election further renders any meaningless any conclusions Plaintiffs could possibly draw from the data they requested and were provided.

voters' registration *should have* been cancelled is simply not supported nor inferred from the actual averments of Plaintiffs' complaint.

Lastly, Plaintiffs contend that they are entitled to relief to "ensure that Defendants follow the NVRA's list maintenance procedures going forward." ECF No. 56, Pl. Brief at 25. Plaintiffs assert that "there is no guarantee that Defendants will comply . . . in future election cycles." This request, though, is indistinguishable from a request for an advisory opinion. Again, Plaintiffs have made no factual averments, nor may one fairly infer, that the Secretary or Department has failed to comply with the NVRA. In fact, Plaintiffs have not identified even a single individual who should have been removed from Pennsylvania's voter rolls but instead remains registered.

Instead, even Plaintiffs' clumsy analysis demonstrates that the Department regularly and appropriately engages in mandated list maintenance activities. By Plaintiffs' own arguments, Pennsylvania county registration commissions have routinely and regularly 1) notified voters that their registration has been made inactive; 2) mailed the requisite forms to permit voters to verify their addresses; and 3) cancelled registrations where those same individual inactive voters do not vote in the following two federal general elections.

While Plaintiffs continue to surmise that the very same voters who were listed as "inactive" as of the time that the Department pulled that data are currently

ineligible to remain registered, Plaintiffs have averred no facts to support this mere

supposition. Because no set of facts pled by plaintiffs, or fairly inferred therefrom,

establishes that the Secretary violated the NVRA, Plaintiffs cannot meet their burden

under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons asserted above and in the Secretary's opening brief, Plaintiffs'

Supplemental Complaint should be dismissed with prejudice.


Michael J. Fischer
Executive Deputy General Counsel
30 N. 3rd Street, Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov


Kathleen A. Mullen
Executive Deputy Chief Counsel
306 North Office Building
Harrisburg, PA 17120
(717) 783-0736
kamullen@pa.gov

Respectfully submitted,

JENNIFER C. SELBER
*GENERAL COUNSEL*


/s/ *Thomas P. Howell*
Thomas P. Howell (Bar. No. 79527)
Deputy General Counsel
30 N. 3rd Street, Suite 200
Harrisburg, PA 17101
(717) 460-6786
thowell@pa.gov

*Counsel for Secretary of the
Commonwealth Al Schmidt*

14

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that, in accordance with Local Rule 7.8, Defendants principal brief is no more than 7,500 words. This Brief in Support of Defendant's Motion to Dismiss the Supplemental Complaint is 3,068 words.  I have used the word count feature of the word processing system to make this certification.

Date:  March 19, 2025                    /s/ Thomas P. Howell
                                         Thomas P. Howell
                                         Counsel for Defendant

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on all counsel of record

on March 19, 2025, by this Court's CM/ECF system.


/s/ *Thomas P. Howell*
THOMAS P. HOWELL