**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **1789 FOUNDATION, INC. d/b/a** | : | |
| **CITIZEN AG,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **3:24-CV-1865** |
| **v.** | : | **(JUDGE MARIANI)** |
| | : | |
| **AL SCHMIDT, in his official capacity** | : | |
| **as Secretary of State,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| **AFT PENNSYLVANIA, and the** | : | |
| **PENNSYLVANIA ALLIANCE FOR** | : | |
| **RETIRED AMERICANS,** | : | |
| | : | |
| **Intervenor-Defendants.** | : | |

**ORDER**

The background of this Order is as follows:

On May 2, 2025, the Court granted Defendant and Intervenor-Defendants' motions

to dismiss. (Doc. 68). In that Order, the Court granted Plaintiffs leave to amend their

complaint within twenty-one (21) days of the date of the Order – *i.e.* until May 23, 2025.

(*Id.*). The date for the filing of the amended complaint has passed, and Plaintiffs have not

filed an amended complaint or sought an extension of time to file an amended complaint.

On May 27, 2025, the Court issued an Order directing Plaintiffs to show cause why

the above-captioned action should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for

failure to prosecute. (Doc. 71). Plaintiffs did not respond to the Court's show cause Order, did not request an extension of time to respond, and the time to respond has now passed.

On June 5, 2025, the Court issued an Order again directing Plaintiffs to show cause why the above-captioned action should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 72). In that Order, the Court cautioned that "[f]ailure to respond to this Order will result in dismissal of the above-captioned action with prejudice." (*Id.* at ¶ 2). Plaintiffs did not respond to the Court's show cause Order, did not request an extension of time to respond, and the time to respond has now passed.

Pursuant to Federal Rule of Civil Procedure 41, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (recognizing that a district court may *sua sponte* dismiss an action for failure to prosecute); *Iseley v. Bitner*, 216 F.App'x 252, 254-255 (3d Cir. 2007) ("A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)") (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-631 (1962)). *See also Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) ("[w]hile a District Court may dismiss a case sua sponte, . . . it should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.") (internal citation omitted). The Third Circuit has recognized that a plaintiff's failure to comply with a Court order directing the plaintiff to file an amended complaint may form the basis for a District

2

Court's *sua sponte* dismissal of the action for failure to prosecute.  *See Azubuko v. Bell Nat'l Org.*, 243 F.App'x 728 (3d Cir. 2007); *see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp., LLC*, 45 F.4th 655, 661 (3d Cir. 2022) ("A court does not abuse its discretion in dismissing for failure to prosecute where a litigant's conduct has made adjudication impossible.").

Prior to dismissing an action for failure to prosecute, a Court generally must weigh the factors set forth by the Third Circuit in *Poulis v. State Farm Fire & Casualty Company*. Specifically,

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).  "Not all of these factors need be met for a district court to find dismissal is warranted."  *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  Instead, the "factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited."  *Poulis*, 747 F.2d at 870.

Here, the Court finds that the *Poulis* factors weigh in favor of dismissal of this action. Preliminarily, Plaintiffs are represented by counsel (including what appears to be in-house

counsel for Citizen AG)[1], who are presumably aware of the mechanics in filing and prosecuting a civil matter, including the application of the Federal Rules of Civil Procedure and the Middle District of Pennsylvania Local Rules. The failure to file an amended complaint or response to <u>any</u> of the Court's Orders since May 2, 2025, is clearly a knowing and willful act and demonstrates a persistent history of dilatoriness and can be directly attributed to Citizen AG. Plaintiffs' lack of action additionally implies, without any express statement, an intent to not proceed with the present action. Additional delay in this action is also prejudicial to the Defendant, in that Plaintiffs' failure to file an amended complaint, or any other document, leaves the Defendant without knowledge as to whether this action will proceed against it and prevents Defendant from moving the case any closer to completion or resolving the allegations and claims against it. In addition, because this action cannot proceed in the absence of an amended complaint which adequately pleads Article III standing and a cause of action, alternative sanctions, such as monetary sanctions, would not be effective in this case. The Court further finds the final *Poulis* factor – meritoriousness of the claim – to further weigh in favor dismissal for the reasons set forth in the Court's May 2, 2025, memorandum opinion dismissing Plaintiffs initial and Supplemental Complaint without prejudice, as well as the Court's November 4, 2024, memorandum opinion denying

---

[1]     Plaintiffs are currently represented by Ronald D. Coleman and Nicole Cristine Pearson. Ms. Pearson's email address is identified on CM/ECF as nicole@citizenag.org. *See Adams v. Tr. of New Jersey Brewery Emp. Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) (holding organizational litigant responsible for in-house counsel's conduct).

Plaintiffs' motion for a temporary restraining order and preliminary injunctive relief.  (Docs. 20, 67).  All other *Poulis* factors weigh in favor of dismissal of this action.

For these reasons, this action will be dismissed with prejudice pursuant to Rule 41(b) and the Court's inherent authority.

**ACCORDINGLY, THIS 10th DAY OF JUNE 2025, IT IS HEREBY ORDERED THAT:**

1.  The above-captioned action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

2. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge